## MASON v ANTHONY

Docket No. 64553. Submitted June 9, 1983, at Grand Rapids.—Decided September 28, 1983. Leave to appeal applied for.

Charles Mason, a migrant farm worker, was employed by Allyn Anthony to pick apples. Mason claimed that Anthony promised to pay him fifty-five cents per bushel of apples picked, with ten cents per bushel to be held until Mason left Anthony's employment. Anthony claimed that he promised to pay Mason forty-five cents per bushel of apples picked, plus an additional ten cents per bushel if Mason stayed until the end of the harvest season. When Mason left before the end of the harvest season, Anthony refused to pay the ten-cent-per-bushel premium. Mason filed a complaint with the Department of Labor seeking payment of ten cents for each bushel he had picked. The department denied the claim. Mason sought review before a hearing officer. The hearing officer upheld the department's determination, holding that the ten-cents-per-bushel premium was a fringe benefit rather than wages and, accordingly, Mason was not entitled to enforcement of the claim for the fringe benefits due to the lack of a written contract or written policy. Mason sought review in the Van Buren Circuit Court. Meyer Warshawsky, J., affirmed the hearing officer's order. Mason appeals. *Held:*

1. The ten-cents-per-bushel premium was a fringe benefit rather than wages within the meaning of the statute regulating payment of wages and fringe benefits.

2. An employee's claim for payment of fringe benefits is properly dismissed by the Department of Labor where there is no written contract or written policy relative the employer's obligation to pay fringe benefits.

Affirmed.

K. N. Sanborn, J., concurred in the result only.

1. Master and Servant — Migrant Workers — Wages — Fringe Benefits.

A premium to be paid to a piece-work migrant worker if such

Reference for Points in Headnotes

[1, 2] 53 Am Jur 2d, Master and Servant § 78.

worker remains until the end of the harvest season is a "fringe benefit" rather than "wages" within the meaning of the statute regulating the payment of wages and fringe benefits (MCL 408.471, subds [e] and [f]; MSA 17.277[1], subds [e] and [f]).

2. MASTER AND SERVANT — FRINGE BENEFITS — WRITTEN CONTRACT.

An employee's claim for payment of fringe benefits is properly dismissed by the Department of Labor where there is no written contract or written policy relative to the employer's obligation to pay fringe benefits (MCL 408.471[e], 408.473; MSA 17.277[1][e], 17.277[3]).

*Michigan Migrant Legal Assistance Project, Inc.* (by *Richard G. Kirschenheiter),* for complainant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Dennis J. Grifka,* Assistant Attorney General, for the Department of Labor.

Before: R. M. MAHER, P.J., and GRIBBS and K. N. SANBORN,* JJ.

PER CURIAM. Complainant appeals as of right from a May 4, 1982, order of the Van Buren Circuit Court upholding the Department of Labor's dismissal of complainant's complaint for unpaid wages.

Complainant is a migrant farm worker from Judsonie, Arkansas, who was employed by respondent Anthony from September 19, 1979, to October 11, 1979, to pick apples an Anthony's farm. Complainant claims that Anthony promised to pay him fifty-five cents per bushel, of which ten cents per bushel would be held until complainant left Anthony's employment. Respondent Anthony claims that he promised to pay complainant forty-five cents per bushel, plus an additional ten cents per bushel if complainant stayed until the end of the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

harvest season on October 25, 1979. Since complainant did not stay until the end of the harvest season, the ten-cents-per-bushel premium was not paid.

The hearings officer held that the extra ten cents a bushel was not "wages" as defined by MCL 408.471(f); MSA 17.277(1)(f) but rather constituted a "fringe benefit" as defined by MCL 408.471(e); MSA 17.277(1)(e). The hearings officer dismissed complainant's complaint because there was no "written contract or written policy", as required by MCL 408.471(e); MSA 17.277(1)(e) and MCL 408.473; MSA 17.277(3), entitling complainant to *any* fringe benefits.

Complainant contends on appeal that the ten-cent premium should have been properly classified as "wages". Alternatively, complainant contends that, if the ten-cent premium is considered as a "fringe benefit", an oral promise to pay "fringe benefits" should be enforced.

We are constrained to affirm, as the holdings of the hearing officer, sustained by the circuit court, are mandated by statute. We affirm, however, without a firm conviction that justice was done. Migrant workers, partly as a result of the nature of their occupation, often have only rudimentary educational skills. Additionally, migrant workers are not union members, thus being denied the protection that the more educated members of a bargaining council in a union afford to the membership at large. Under these circumstances, it is simply too easy for an employer to make oral promises of "fringe benefits" with the knowledge that the promises will be unenforceable due to the prospective employees' ignorance of the requirement that the promises be written. The task of providing safeguards to protect the migrant

worker from such a practice rests with the Legislature. As yet, it has not acted.

Affirmed.

K. N. SANBORN, J., concurs in result only.